CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 08 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JEREMY LYNN MITCHELL, ) | Civil Action No. 7:15-cv-00221 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| STEVEN CLEAR, et al., ) | By: | Hon. Michael F. Urbanski |
| Defendants. ) | | United States District Judge |

Jeremy Lynn Mitchell, a Virginia prisoner proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983, naming staff of the Abingdon Regional Jail as defendants. On October 21, 2015, defendants filed a motion to dismiss, and on the next day, the Clerk issued a Notice that advised Plaintiff that a motion to dismiss was filed and that he had twenty-one days from the Notice to file a response. The Notice further advised:

> If Plaintiff does not respond to Defendant's[1] pleadings, the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant states in their [sic] responsive pleading(s). If Plaintiff wishes to continue with the case, it is necessary that Plaintiff respond in an appropriate fashion . . . . <u>However, if Plaintiff does not file some response within the twenty-one (21) day period, the Court may dismiss the case for failure to prosecute.</u>

Notice (ECF no. 26) (original emphasis).

Plaintiff did not respond to the Notice or the motion to dismiss, and the Notice was not returned to the court as undeliverable. Pursuant to the Notice entered on October 22, 2015, the court finds that Plaintiff has failed to prosecute this case. Accordingly, the complaint is dismissed without prejudice for Plaintiff's failure to prosecute, pursuant to Fed. R. Civ. P. 41(b), and all pending motions are denied without prejudice as moot. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of

---

[1] The court notes that all defendants filed the motion to dismiss.

prosecution has generally been considered an 'inherent power,' . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

**ENTER**: This 8th day of December, 2015.

/s/ Michael F. Urbanski
United States District Judge